**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

<div style="display:flex">
<div>

CHAMBERS OF
JOHN MICHAEL VAZQUEZ
UNITED STATES DISTRICT
JUDGE
</div>
<div>

FRANK R. LAUTENBERG
POST OFFICE AND
COURTHOUSE
2 FEDERAL SQUARE, ROOM 417
NEWARK, NJ 07102
973-297-4851
</div>
</div>

August 29, 2016

VIA ECF and Certified Mail

**LETTER OPINION AND ORDER**

    Re:    **FANOR v. UNIVERSITY HOSPITAL – UMDNJ & BLOMSTROM**
             **Civil Action No. 16-320**

Dear Litigants:

      The Court is in receipt of the partial motion to dismiss filed by Defendants University Hospital – UMDNJ ("University Hospital" or the "Hospital") and Jane Blomstrom (collectively "Defendants"). D.E. 16. Defendants seek to dismiss the complaint as to Blomstrom for insufficient service of process and also seek to dismiss Count Four of the complaint, a claim for intentional infliction of emotional distress, as to all Defendants due to Plaintiff's failure to comply with the New Jersey Tort Claims Act ("NJTCA"). Plaintiff, who is *pro se*, did not oppose Defendants' motion. For the reasons stated below, Defendants' motion is **DENIED** in part and **GRANTED** in part.

      Plaintiff worked as a patient advocate at University Hospital's Emergency Room for eleven years.[1] Compl. ¶ 1 (D.E. 1). Plaintiff, however, was terminated on January 30, 2014 while he was recuperating from emergency back surgery after a slip and fall accident. *Id.* ¶¶ 33-46. Plaintiff's complaint, which was filed on January 15, 2016, asserts two claims under the New Jersey Law Against Discrimination for handicap discrimination (Counts One and Two), one claim under the Family Medical Leave Act (Count Three), and one claim for the common law tort of intentional infliction of emotional distress (Count Four). The complaint focuses on three medical events that occurred in 2013 and 2014, including the emergency back surgery, and Plaintiff's related requests for time off from work. *Id.* ¶¶ 6-47.

---

[1] The factual background is taken from the complaint. When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In addition, because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

After the complaint was filed, Plaintiff attempted to serve both Defendants at University Hospital. On January 21, 2016, a process server left a summons and complaint for each Defendant with Eva Serruto, the Associate General Counsel and Director of Employment Law at University Hospital. *See* Declaration of Eva M. Serruto, Esq. in Support of Defendants' Motion to Dismiss ("Serruto Decl.") ¶¶ 1, 4 (D.E. 16-4). The executed summons, which was filed on February 8, 2016 states that Serruto received a copy of the summons and complaint on behalf of University Hospital and Blomstrom. *See* D.E. 4. But by the time Plaintiff filed the complaint and attempted to serve Blomstrom, she was no longer employed by the Hospital. University Hospital states that Blomstrom was an employee from July 14, 2009 to July 16, 2014. Serruto Decl. ¶ 3, 5.

In addition, after University Hospital was served with the complaint (the Hospital does not dispute that service as to it was proper) it conducted a search for tort claim notices that were filed with University Hospital and related to this matter. The Hospital did not find any relevant notices of claim. *Id.* ¶ 6. The complaint does not indicate that Plaintiff filed a tort claim notice after any of the three alleged medical events occurred, and Plaintiff did not provide any additional documentation by which the Court could determine that notice was ever filed.

Adequacy of Service

Defendants argue that pursuant to Fed. R. Civ. P. 12(b)(5), the complaint should be dismissed as to Blomstrom, or in the alternative, that the summons as to her should be stricken for insufficient service of process. Defs' Br. at 3-4 (D.E. 16-1). Specifically, Defendants argue that serving Blomstrom at her former place of business does not satisfy the service of process requirements of Fed. R. Civ. P. 4(e). *Id.*

Rule 12(b)(5) permits courts to dismiss a case for insufficient service of process. The party effecting service has the burden of establishing that service was sufficient. *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993). Courts, however, have "broad discretion" in deciding a motion to dismiss pursuant to Rule 12(b)(5). *Hoist v. New Jersey*, No. 12-5370, 2013 WL 5467313, at *3 (D.N.J. Sept. 30, 2013). "Where a plaintiff acts in good faith, but fails to effect proper service of process, courts are reluctant to dismiss an action." *Id.* (quoting *Ramada Worldwide Inc. v. Shriji Krupa, LLC*, No. 07-2726, 2013 WL 1903295, at *6 (D.N.J. Apr. 17, 2013). Instead, courts often "quash service and grant plaintiff additional time to properly serve the defendant." *Id.*

Rule 4(e) establishes the methods for effecting service upon individual defendants. Pursuant to Rule 4(e), individuals may be served (1) personally, (2) by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age who resides there, (3) by delivering a copy of the summons and complaint to an agent authorized by appointment or law to receive service of process, or (4) following the state law where the Court is located or where service is made for serving a summons. New Jersey Rule 4:4-4(a), which is the applicable state rule here concerning service of process, mirrors the federal rule. N.J. Rule 4:4-4(a).

In this instance, the proof of service states that the summons and complaint was served on Serruto, who received service on behalf of Blomstrom. D.E. 4. It is clear that leaving the summons and complaint at a defendant's place of business does not satisfy Rule 4(e) or N.J. Rule 4:4-4(a).

2

*See Laffey v. Plousis*, No. 05-2796, 2008 WL 305289, at *5 (D.N.J. Feb. 1, 2008) (concluding that defendants were improperly served where plaintiff left a copy of the summons and complaint at the defendants' workplace); *Wohlegmuth v. 560 Ocean Club*, 302 N.J. Super. 306, 309 (App. Div. 1997) ("The service at defendant's place of business is an improper mode of service on a resident individual."). No party, however, provides any evidence to establish whether third-party Serruto was an authorized agent who could accept service on behalf of Blomstrom. There is also no indication that Plaintiff tried to personally serve Blomstrom or leave of copy of the summons and complaint at her place of dwelling. But ultimately, because it is Plaintiff's burden to establish that service was proper, this lack of evidence suggests that service was ineffective. *See Mallory v. Verizon*, No. 12-2366, 2013 WL 6865568, at *3 (D.N.J. Dec. 23, 2013). As a result, the Court concludes that Blomstrom has not been served properly and the Court cannot exercise personal jurisdiction over her.

Although Blomstrom was improperly served, the Court is reluctant to dismiss the complaint as to her because it appears that Plaintiff acted in good faith when attempting to serve Blomstrom. If proper service is not effected within 90 days of filing the complaint, the matter is subject to dismissal. Fed. R. Civ. P. 4(m). Before a court dismisses a case for insufficient process, however, it must determine whether good cause exists to extend the time for service. *Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1305 (3d Cir. 1995). If a plaintiff can demonstrate that good cause exists, "the district court must extend the time for service." *Id.* If no good cause exists, "the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Id.* A plaintiff has the burden to establish whether good cause exists. *Mason v. Therics, Inc.*, No. 08-2404, 2009 WL 44743, at *2 (D.N.J. Jan. 6, 2009). Here, Plaintiff has not opposed Defendants' motion, therefore, he fails to establish good cause.

A court may still exercise its discretion and extend the time for service even if there is not good cause. *Petrucelli*, 46 F.3d at 1305. In determining whether to grant a discretionary extension, the court may consider several factors including "1) actual notice of the action, 2) prejudice to the defendant, 3) statute of limitations, 4) conduct of the defendant, 5) whether the plaintiff is represented by counsel, and 6) any other relevant factor." *Jumpp v. Jerkins*, No. 08-6268, 2010 WL 715678, at *7 (D.N.J. Mar. 1, 2010). One factor that frequently weighs in favor of exercising discretion is a plaintiff's *pro se* status. *See, e.g., Cain v. Abraxas*, 209 F. App'x 94, 97 (3d Cir. 2006) (stating a plaintiff's *pro se* status "frequently weigh[s] in favor of exercising such discretion").

Here, Plaintiff attempted to serve process on Defendants within a month of filing his complaint. While he mistakenly tried to serve Blomstrom at her prior place of employment,[2] his efforts were reasonable in light of the fact that his only prior interaction with her was through her position at University Hospital. Taking into consideration Plaintiff's *pro se* status, combined with his reasonable attempts to serve, this Court will exercise its discretion in granting Plaintiff extended time to serve Blomstrom. The Court therefore will quash the initial service as to Blomstrom and grant Plaintiff a forty-five (45) day extension upon which to properly serve

---

[2] Of note, there is no evidence that Plaintiff knew that Blomstrom had left University Hospital when he attempted to effect service on her.

3

Blomstrom in accordance with the Federal Rules. Consequently, Defendants' Motion to Dismiss as to Blomstrom is denied.

### The New Jersey Tort Claims Act

Defendants also argue that count four of the complaint, which asserts a tort claim for intentional infliction of emotional distress against Defendants, should be dismissed because Plaintiff failed to comply with the requirements of the NJTCA, N.J.S.A. 59:1-1, *et seq*. Defs' Br. at 5-7.

A party that asserts a tort claim seeking damages from a public entity or public employee[3] must comply with the NJTCA, which "establishes the procedures by which [such] claims may be brought." *D.D. v. Univ. of Med. & Dentistry of N.J.*, 213 N.J. 130, 146 (2013) (quoting *Beauchamp v. Amedio*, 164 N.J. 111, 116 (2000)). One such procedure "is the requirement that a timely pre-suit notification about the existence of the claim and its particulars be provided to the defendants." *Id.* N.J.S.A. 59:8-8 requires that within ninety days of the claim's accrual, an individual must file a "notice of claim" with the entity involved in the alleged wrongful act or the state Attorney General. In addition, "[t]he claimant shall be forever barred from recovering against a public entity or public employee if . . . [t]he claimant failed to file with the public entity within 90 days of accrual of the claim except as otherwise provided in N.J.S.A. 59:8-9." N.J.S.A. 59:8-8. N.J.S.A. 59:8-9 provides that within one year after the claim has accrued, a judge may allow a claimant to file a late notice of claim if doing so would not cause substantial prejudice to the defendant and if the untimeliness was due to "extraordinary circumstances." N.J.S.A. 59:8-9. These timing requirements are strictly construed and a plaintiff who fails to comply is barred from recovering on his claims. *Niblack v. SCO Malbreen*, No. 15-5298, 2016 WL 1628881, at *3 (D.N.J. Apr. 25, 2016). Moreover, "'[f]ailure to file a notice of claim is a ground for dismissal at the motion to dismiss stage." *Id.* (citing *William v. Westampton Police Dep't*, No. L-1144-13, 2014 WL 5393184, at *3 (N.J. App. Div. Oct. 24, 2014)).

University Hospital is a public entity for purposes of the NJTCA and its employees are also provided with protection from tort claims under the act. *See* N.J.S.A. 18A:64G-6.1a (stating that University Hospital is a separate entity from Rutgers University but remains a public entity), 59:1-3 ("'Public employee' means an employee of a public entity"). Intentional infliction of emotional distress is a common law tort subject to the NJTCA. *See Pena v. Div. of Child & Family Servs.*, No. 08-1168, 2010 WL 3982321, at *6 (D.N.J. Oct. 8, 2010). As a result, Plaintiff was required to comply with the NJTCA notice requirements in bringing count four of the complaint.

University Hospital states that it has no record of receiving a notice of claim from Plaintiff (Serruto Decl. ¶ 6) and Plaintiff fails to provide any information from which the Court could find that a notice of claim was filed. As a result, the Court concludes that Plaintiff did not file a notice of claim based on the evidence currently available. In addition, because Plaintiff's complaint

---

[3] The complaint asserts claims against Blomstrom both individually and in her capacity as the absentee coordinator for University Hospital. *See* Compl. ¶ 3. This distinction, however, does not matter for the NJTCA because its protections "extend[] to public officials . . . without regard to whether or not the suit is brought against the official in his official or individual capacity." *Hilburn v. Dep't of Corr.*, No. 07-6064, 2010 WL 703202, at *10 n.15 (D.N.J. Feb. 23, 2010).

4

addresses events that accrued more than one year ago, in 2013 and 2014, he is statutorily prohibited from filing a late notice of claim and is "forever barred from recovering against" Defendants. *See* N.J.S.A. 59:8-8. Consequently, the Court will dismiss Count Four of Plaintiff's complaint. The Court, however, will dismiss Count Four without prejudice so that, if appropriate, Plaintiff may provide evidence that he filed a timely notice of claim.

Conclusion

In sum and for good cause shown, it is **ORDERED** that Defendants' partial motion to dismiss (D.E. 16) is **DENIED** in part and **GRANTED** in part.

It is **ORDERED** that Defendants' motion is **DENIED** as to the dismissal of claims against Jane Blomstrom due to insufficient service of process. Instead, the initial service as to Blomstrom is quashed and Plaintiff is granted an extension of forty-five (45) days from receipt of this Order to effectuate proper service.

It is further **ORDERED** that Defendants' motion is **GRANTED** as to the dismissal of Count Four of the Complaint, which shall be dismissed without prejudice; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by certified mail return receipt.

JOHN MICHAEL VAZQUEZ
UNITED STATES DISTRICT JUDGE

5