NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EVANS FANOR,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>UNIVERSITY HOSPITAL, et al.,<br><br>　　　　　　　　　　Defendants. | Civil Action No.: 16-320<br><br>**OPINION AND ORDER** |

**CECCHI, District Judge.**

I. **INTRODUCTION**

This matter comes before the Court on defendant University Hospital's ("Defendant") motion for summary judgment (ECF No. 159). *Pro se* plaintiff Evans Fanor ("Plaintiff") opposed the motion (ECF No. 167) and Defendant replied (ECF No. 170). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Defendant's motion (ECF No. 159) is **GRANTED.**

II. **BACKGROUND**

　A. **Factual History**

Plaintiff was a Patient Advocate at University Hospital until his employment was terminated effective January 27, 2014. *See* ECF No. 159-1 ("Def. SOMF") ¶ 1.[1] Plaintiff did not

---

[1] As an initial matter, Plaintiff has failed to comply with Local Civil Rule 56.1(a). Under this rule, Plaintiff was required to provide a responsive statement of material facts identifying material disputes with supporting citations to affidavits and other documents, and he was permitted to submit his own supplemental statement of disputed material facts. Plaintiff initially failed to do either, but given his *pro se* status, this Court provided him with another opportunity to comply with the rule. *See* ECF No. 172. On September 17, 2024, Plaintiff filed a letter that purported to be his Local Rule 56.1 responsive statement. ECF No. 176. However, this letter does not satisfy Local Civil Rule 56.1(a) because it does not specifically address or dispute any of the numbered paragraphs in Defendant's Local Rule 56.1 statement. "Other courts in this District have held that, where the non-moving party had not submitted a Rule 56.1 statement, the court treated facts in the moving party's Rule 56.1 statement as admitted 'unless controverted in [the non-moving party's] briefs or contradicted by the evidence,' . . . or when such facts

report to work from November 19, 2013, through January 2, 2014, a period of approximately a month-and-a-half due to a medical condition. *Id.* ¶¶ 3–5. Because his absence exceeded two days, the Hospital's Attendance Control Policy required Plaintiff to provide proof of illness. *Id.* Plaintiff provided a note from his physician, Dr. Orellama, that supported his absence, but only for December 18, 2013—a single day of his multi-week absence. *Id.* ¶¶ 6–8.

Plaintiff testified that he returned to work on January 3, 2014. *Id.* ¶ 8. That same evening, Plaintiff slipped and fell outside the hospital after his shift was over. *Id.* ¶ 9. Plaintiff became "total[ly] incapacitated after the slip and fall." ECF No. 176 at 2. On January 6, 2014, Plaintiff phoned his supervisor, Rondan-Mann and advised her of his fall and injuries. Def. SOMF ¶ 9. On January 28, 2014, Rondan-Mann sent Plaintiff a termination letter effective January 27, 2014, for failure to adhere to the Attendance Control Policy and not providing documentation supporting his previous absence from November 19, 2013, through January 2, 2014. *Id*. ¶ 10.

Plaintiff's injuries resulting from the slip and fall appear to have been severe enough to incapacitate him and entitle him to receive disability benefits. According to Plaintiff's March 7, 2015, Notice of Award from the Social Security Administration ("SSA"), which was based upon medical information submitted by Plaintiff and his care providers to obtain Social Security Income ("SSI") benefits, Plaintiff was considered disabled as of January 3, 2014, which was after—and as a result of—Plaintiff's slip and fall injury. *Id.* ¶ 11. The SSA specifically "found that [Plaintiff] became disabled under our rules on January 3, 2014." *Id*.

---

are 'backed up by evidence." *Rosenberg v. JCA Assocs.*, No. 03-274, 2007 U.S. Dist. LEXIS 23570, at *30–31 (D.N.J., Mar. 30, 2007) (internal citations omitted). Accordingly, all the facts included in Defendant's Local Rule 56.1 statement will be "deemed undisputed for purposes of the summary judgment motion," L. Civ. R. 56.1(a), so long as they are "supported by evidence and not contradicted in Plaintiff's opposing evidence." *Sampson v. Ctr. for Fam. Guidance*, No. 05-4975, 2007 WL 2406807, at * 1 n.1 (D.N.J. Aug. 16, 2007).  Regardless, as described below, the key facts in this case are undisputed and thus Plaintiff's failure to comply with Local Rule 56.1 does not affect the Court's decision.

Later that year, on September 8, 2014, Plaintiff filed a claim for state disability benefits. *Id*. In this claim, Plaintiff identified himself as still disabled, described his back condition as chronic, and refused to provide an estimated recovery date. *Id.* Instead, he indicated that, as of September 2014, his recovery date was indeterminate. *Id*.

Moreover, on two separate occasions, Plaintiff indicated that because of his injuries, he would not have been able to return to work for months following his injury. First, in his earlier slip and fall case filed in state court, Plaintiff testified on April 13, 2017, at his deposition:

> A. … What happened is that once they offer me to come back they asked—once they asked me to come back I was—because of my permanent injuries I won't be able to come back anyway.

*Id.* ¶ 13; *see also* ECF No. 159-3, Ex. O at 50:7–11. Second, in his deposition for the present case, Plaintiff confirmed that as part of the labor review process regarding his termination, he was offered the opportunity to return to work but he would not have been able to pass a return to physical duty and thus sought SSI disability benefits instead. Def. SOMF ¶ 14. Plaintiff was still on SSI benefits on June 19, 2019 (the date of his deposition in this case):

> Q. Did you -- following your termination from University Hospital did you seek unemployment?
>
> A. No. They tried to bring me back to University Hospital, but what happened is that I needed a physical, to pass my physical, but I wouldn't be able to. So I was allot [sic] to permanent disability, to file SSD, Social Security Disability which I am currently on.

*Id.*; ECF No. 159-3, Ex. B at 27:13–20.

### B. Procedural History

Plaintiff initially raised claims against University Hospital and Jane Blomstrom, a human resources employee for the Hospital, for (1) disability discrimination in violation of the New Jersey Law Against Discrimination ("NJLAD"); (2) perceived disability discrimination in

3

violation of the NJLAD; (3) violation of Family Medical Leave Act ("FMLA"), 29 U.S.C. §2601 et seq.; and (4) Intentional Infliction of Emotional Distress ("IIED").  *See* ECF No. 1 ("Compl."). The Honorable John Michael Vazquez, U.S.D.J., who previously presided over this matter, dismissed the IIED claim under Federal Rule of Civil Procedure 12(b)(6).  ECF No. 19.  Judge Vazquez later granted summary judgment to Defendants on Plaintiff's remaining three claims. ECF Nos. 118–119.  Plaintiff appealed the granting of summary judgment.[2]  ECF No. 120.

On Appeal, the Third Circuit affirmed the dismissal of both NJLAD claims.  *See* ECF No. 123-2 ("Third Cir. Op.") at 4.  It also affirmed the dismissal of the FMLA "retaliation" and FMLA "interference" claims that were addressed in Judge Vazquez's summary judgment opinion.  *Id.*  The Third Circuit determined, however, that the District Court should have analyzed an additional FMLA interference claim as to the period following Plaintiff's injury in January 2014.  *Id.* at 4–9; *see also id.* at 7 n.6.  Because the District Court had "rejected the possibility" that Plaintiff was raising such a claim, the Third Circuit remanded the case on this claim alone and only as to University Hospital.[3]  *Id.* at 4, 9.

Following remand, the case was subsequently reassigned to the undersigned.  ECF No. 156.  Defendant now moves for summary judgment on the previously unconsidered FMLA interference claim.  ECF No. 159.

---

[2] Plaintiff did not appeal the dismissal of his IIED claim.  *See* ECF No. 123-2 at 4 n.2.
[3] The District Court's opinion noted that "[o]ne possible interpretation of Plaintiff's argument is that Defendants interfered with his FMLA rights by firing him while he was in the process of applying for leave" after the January 2014 injury.  ECF No. 118 at 10.  The court found, however, that Plaintiff did "not make this argument" and therefore did not analyze such a claim. *Id.*  Subsequent to remand, the parties briefed this claim.

4

## III.  LEGAL STANDARD

Summary judgment is appropriate if the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials," FED. R. CIV. P. 56(c), demonstrate that there is no genuine issue as to any material fact, and, construing all facts and inferences in a light most favorable to the non-moving party, "the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986).

The moving party has the initial burden of proving the absence of any genuine issue of material fact. *See Celotex*, 477 U.S. at 323. Once the moving party meets this burden, the non-moving party has the burden of identifying specific facts to show that, to the contrary, a genuine issue of material fact exists for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986). To meet its burden, the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (citation omitted); *see also Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992) ("To raise a genuine issue of material fact . . . [the opponent must] exceed[] the 'mere scintilla' threshold . . . ."). An issue is "genuine" if it is supported by evidence, such that a reasonable jury could return a verdict in the non-moving party's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. *See id.* "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all

justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

IV. **DISCUSSION**

The FMLA prohibits an employer from "interfer[ing] with, restrain[ing], or deny[ing] the exercise of or the attempt to exercise, any right" that it guarantees. 29 U.S.C. § 2615(a)(1). An interference claim under § 2615(a)(1) is "not about discrimination, it is only about whether the employer provided the employee with the entitlements guaranteed by the FMLA." *Callison v. City of Phila.*, 430 F.3d 117, 120 (3d Cir. 2005). To prevail on an FMLA interference claim, an employee must show that (1) he was entitled to benefits under the FMLA; and (2) he was denied such benefits. *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.,* 691 F.3d 294, 312 (3d Cir. 2012); *Sommer v. The Vanguard Group,* 461 F.3d 397, 399 (3d Cir. 2006). In addition to demonstrating an FMLA violation, as the Third Circuit highlighted, Plaintiff must also establish "resulting damages; i.e., that he lost his job and suffered any other compensable injuries *because* of his attempted exercise of FMLA rights." Third Cir. Op. at 9.

"The interference inquiry is merely about whether the employer provided its employee with the entitlements and protections guaranteed by the FMLA." *Morro v. DGMB Casino LLC*, 112 F. Supp. 3d 260, 281 (D.N.J. 2015). Under the FMLA, an employee is entitled to return from qualified leave to his former position, or to an equivalent one. *Conoshenti v. Pub. Serv. Elec. & Gas Co.,* 364 F.3d 135, 141 (3d Cir. 2004). However, "this entitlement to restoration is a qualified one." *Morro*, 112 F. Supp. 3d at 281. An employee is not entitled to this restoration "[i]f the employee is unable to perform an essential function of the position because of a physical or mental condition, including the continuation of a serious health condition." 29 C.F.R. § 825.216(c); *see also Lupyan v. Corinthian Colls. Inc.*, 761 F.3d 314, 318 (3d Cir. 2014) ("When an employee cannot perform an

6

essential function of his or her original position due to the 'continuation of a serious health condition,' no right to restoration exists." (quoting 29 C.F.R. § 825.216(c))). In other words, an FMLA interference claim fails if an "employee would not have been able to return to work at the end of the twelve weeks in any event." *Katekovich v. Team Rent A Car of Pittsburgh, Inc.*, 36 F. App'x 688, 690 (3d Cir. 2002); *see also Morro*, 112 F. Supp. 3d at 281 (dismissing an FMLA interference claim and stating, "[a]n employer does not violate the FMLA if it terminates an employee during the twelve weeks of approved leave and the employee would not have been able to return to work at the end of the twelve weeks").

Here, Plaintiff freely admitted that he could not have returned to work following twelve weeks of FMLA leave. *See* Def. SOMF ¶¶ 13–14. Specifically, Plaintiff suffered a slip and fall injury on January 3, 2014. *Id.* ¶ 9. As result of this injury, he became totally disabled and for years has received Social Security disability benefits. *Id.* ¶¶ 11–12 (the SSA "found that [Plaintiff] became disabled under [its] rules on January 3, 2014" (quoting ECF No. 159-3, Ex. M at 1)). During a deposition in his state court slip and fall case, Plaintiff admitted that Defendants had offered him his job back and that he responded that "because of my permanent injuries I won't be able to come back anyway." *Id.* ¶ 13; ECF No. 159-3, Ex. O at 50:7–11. Likewise, in his deposition in the present case, Plaintiff admitted that Defendants had offered him the opportunity to return to work but that he would not have been able to pass the required return to duty physical. Def. SOMF ¶ 14; ECF No. 159-3, Ex. B at 27:13–20 ("They tried to bring me back to University Hospital, but what happened is that I needed a physical, to pass my physical, but I wouldn't be able to. So I was allot [sic] to permanent disability, to file SSD, Social Security Disability which I am currently on."). Plaintiff does not seek to contest these admissions; instead, in his September 17, 2024, letter to the Court, which was Plaintiff's attempt to provide a Rule 56.1(a) Responsive Statement of

Material Facts, Plaintiff once again conceded that he "became total[ly] incapacitated after the slip and fall." ECF No. 176 at 2.

Given Plaintiff's continued admissions, it is undisputed that he could not have returned to work after the FMLA leave period. This is fatal to his interference claim because, as the Third Circuit highlighted, "Fanor must prove the existence of an FMLA violation *and* resulting damages." Third Cir. Op. at 9 (emphasis in original). Section 2617

> provides no relief unless the employee has been prejudiced by the violation: The employer is liable only for compensation and benefits lost "by reason of the violation," § 2617(a)(1)(A)(i)(I), for other monetary losses sustained "as a direct result of the violation," § 2617(a)(1)(A)(i)(II), and for "appropriate" equitable relief, including employment, reinstatement, and promotion, § 2617(a)(1)(B).

*Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002). Given that Plaintiff was deemed disabled and admits that he was unable to work as of the date of his injury (January 3, 2014—or months before the end of the alleged FMLA leave period), Plaintiff cannot show a compensable loss, harm, or prejudice. Accordingly, his FMLA interference claim fails as a matter of law. *See Reifer v. Colonial Intermediate Unit 20*, 462 F. Supp. 2d 621, 638 (M.D. Pa. 2006) (dismissing an FMLA interference claim because the Plaintiff "was unable to perform the essential functions of her job and could not return to work after the protected period provided by the FMLA" and therefore could not show any prejudice from the alleged act of interference); *Donald v. Southeastern Pa. Transp. Authority (SEPTA)*, No. 13-440, 2014 WL 3746520, at *4 (E.D. Pa. July 29, 2014) (same); *Williams v. Pinnacle Health Fam. Care Middletown*, No. 18-722, 2020 WL 8991685, at *3 (M.D. Pa. Aug. 4, 2020) (same); *Edgar v. JAC Prod., Inc.*, 443 F.3d 501, 508 (6th Cir. 2006) ("Employees seeking relief under the entitlement theory (an interference claim) must therefore establish that the employer's violation caused them harm." (citing *Ragsdale*, 535 U.S. at

89 ("[Section] 2617 provides no relief unless the employee has been prejudiced by the violation ....")).

## V. CONCLUSION

For the reasons set forth above, the Court grants Defendant's motion for summary judgment.

**Accordingly, IT IS** on this 26th day of September, 2025

**ORDERED** that Defendant's motion for summary judgment (ECF No. 159) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED**; and it is further

**ORDERED** that the Clerk of the Court is directed to **CLOSE** this case.

**SO ORDERED.**

*s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**